**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| T. TERANCE BRYAN,<br><br>        Plaintiff,<br><br>v.<br><br>BRISTOL-MYERS SQUIBB CO.,<br><br>        Defendant. | Civil Action No. 12-6584 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Bristol-Myers Squibb Company's ("BMS" or "Defendant") Motion to Transfer ("Defendant's Motion"), pursuant to 28 U.S.C. § 1404(a). (Def.'s Br., ECF No. 8.) Plaintiff T. Terance Bryan ("Mr. Bryan" or "Plaintiff"), filed Opposition. (Pl.'s Opp'n, ECF No. 11.) Defendant filed a Reply. (ECF No. 16.) The Court has carefully considered the submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, and other good cause shown, Defendant's Motion to Transfer Venue to the District of South Carolina is granted.[1]

---

[1] There are several other applications/motions pending in this matter. Plaintiff's November 7, 2012 correspondence requested the Court to remand the matter to state court. The Court denies the request. On November 30, 2012 and February 1, 2013, Plaintiff filed motions for summary judgment. (ECF Nos. 12, 23.) The Court denies Plaintiff's motions without prejudice as premature. On January 10, 2013, Plaintiff filed a motion to strike the answer to the Complaint/for default judgment. (ECF No. 21.) The Court denies the motion. On May 7, 2013, Plaintiff filed an appeal of the magistrate judge's April 5, 2013 decision. (ECF No. 39.) The Court denies the appeal. Should Plaintiff seek to file motions following transfer of the case, he should file an appropriate application to the transferee court.

I. **Background**

Plaintiff, *pro se*, is an inmate at Broad River Correctional Institution in South Carolina. (Notice of Removal ("NOR") ¶ 8, ECF No. 1.) Plaintiff has been incarcerated in South Carolina since 1998, is not currently eligible for parole, and is projected to be released in 2026. (Def.'s Br. 1-2.) Plaintiff originally filed his Complaint in the Superior Court of New Jersey, Law Division, Mercer County. (NOR ¶ 1.) Plaintiff asserts that he "suffered serious pains in his liver & serious mental distress" as a result of taking Buspirone, a drug he alleges was manufactured by Defendant. (Compl. ¶¶ 3-5, ECF No. 1-1.)

BMS, a Delaware corporation with its principal place of business in New York, timely removed the case to the District of New Jersey. (NOR ¶ 4, 9.) Defendant manufactures the drug Buspar®. (Def.'s Br. 1 fn.1.) According to Defendant, buspirone hydrochloride is the generic version of Buspar® and is not manufactured by BMS. (*Id.*) Defendant now seeks to transfer venue to the District Court of South Carolina.

II. **Analysis**

In federal court, transfer of venue when original venue is proper is governed by 28 U.S.C. § 1404(a). *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Under section 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The party moving for a transfer of venue bears the burden of demonstrating that the balance of private and public factors weighs "strongly" in favor of transfer. *See Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947); *Jumara*, 55 F.3d at 879.

"Section 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the

correct forum." *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007). In exercising its discretion, the transferor court must evaluate whether a venue transfer would further the goals of section 1404(a), which are "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26-27 (1960)).

The "decision to transfer venue is committed to the discretion of the district court." *Larami Ltd. v. YES! Entm't Corp.*, 244 B.R. 56, 61 (D.N.J. 2000). In conducting its evaluation, the Court must balance various private and public interests related to the transfer. *Jumara*, 55 F.3d at 879. The private interest factors include:

> [1] plaintiff's forum preference as manifested in the original choice, [2] the defendant's preference, [3] whether the claim arose elsewhere, [4] the convenience of the parties as indicated by their relative physical and financial condition, [5] the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum) . . . .

*Id.* (internal citations omitted). The public interest factors include:

> [1] the enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interest in deciding local controversies at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (internal citations omitted).

### A.  The Private Interest Factors Favor Transfer

#### 1.  Plaintiff's Choice of Forum

Plaintiff's choice of forum weighs against transfer. However, Plaintiff did not present strong arguments in opposition to transfer. In his opposition to Defendant's motion, Plaintiff asserts that Defendant "should be ESTOPPED from playing fast & loose with the Court." (Pl.'s

3

Opp'n 1.) In essence, Plaintiff argues that because Defendant removed the case from the Superior Court of New Jersey to the District of New Jersey, it should now be estopped from transferring the case to the District of South Carolina. (*Id.* at 1-2.) Plaintiff additionally argues that he:

> will not call any South Carolina witness(es), nor has defendant allege [sic] to call any. Furthermore, South Carolina lacks jurisdiction, even long arm jurisdiction over this defendant & this defendant & its' staff, who are the witnesses Plaintiff intends to call, are not amenable to compulsory process in South Carolina, so defendant, if removal is granted, has procedurally escape [sic] liability & already won the case . . . . I pray defendant is ESTOP [sic] from changing venue AGAIN &/or provide an affidavit stating the name(s) and address(es) of what South Carolina witness(es) they [sic] plan to call at trial & state clearly why, what their testimony would be.

(*Id.* at 2.)

In reply, Defendant argues that Plaintiff misstated BMS' position. (Def.'s Reply Br. 2.) According to Defendant, "BMS has clearly stated that it is amenable to process in South Carolina." (Def.'s Reply Br. 2.) In addition, BMS disputes Plaintiff's suggestion that transfer is not required because neither he nor BMS intends to call any South Carolina witnesses. (*Id.*)

The Court agrees with Defendant that Plaintiff appears to have confused the concepts of jurisdiction and venue. Plaintiff appeared to choose to file suit in New Jersey because he believed that Defendant's home state was New Jersey. The first paragraph of the Complaint states, "Bristol-Myers Squibb Company is a resident at: Princeton, NJ 08543. BMSC is located in this county, Mercer County. THEREFORE, venue is proper in this Court & this Court is vested with jurisdiction over the parties & the subject matter." (Compl. ¶ 1.) Here, Defendant correctly asserts that both the Districts of New Jersey and South Carolina properly have jurisdiction over the matter and that by removing the case, BMS did not forego its right to seek a transfer. (Def.'s Reply Br. 3.) As such, the Court is not persuaded by Plaintiff's arguments in opposition to the motion.

4

Moreover, Plaintiff is entitled to less deference in his choice of forum because New Jersey is not the Plaintiff's home state. *See In re Consolidated Parlodel Litig.*, 22 F. Supp. 2d 320, 324 (D.N.J. 1998). The pleadings reflect that Plaintiff is incarcerated in South Carolina and he ingested the medication that is the subject of the dispute at the facility in South Carolina. Therefore, the Court will afford minimal weight to Plaintiff's choice of forum and finds that the first factor weighs only slightly against transfer.

### 2.     Other Private Interest Factors

In considering the other private interest factors, the Court finds that the location of the books and records does not weigh in favor of either party, as it is likely that files could be produced in either forum. *See Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 157 F.R.D. 215, 218 (D. Del. 1993) (recognizing that modern technology has "substantially reduced" the "burden of having to litigate in a distant forum."). However, the remaining factors weigh strongly in favor of transfer. The Defendant's preference is South Carolina, where Plaintiff is incarcerated. In addition, the claim arose in South Carolina. Moreover, venue in South Carolina would be more convenient for both Parties because there would be a significant inconvenience to potential trial witnesses if this Court were to deny transfer. *Headon v. Colo. Boys Ranch*, 2005 WL 1126962, at *7 (E.D. Pa. May 5, 2005). Therefore, the Court finds that the private interest factors, as a whole, strongly favor transfer in the present case.

### B.     Public Interest Factors Favor Transfer

As to the public interest factors, the enforceability of the judgment does not weigh in favor of either party. For the pretrial stage of the matter, the relative administrative difficulty in the two fora resulting from court congestion most likely appears to weigh against transfer. Here, the magistrate judge assigned to the matter has moved the pretrial proceedings forward during the

5

pendency of this motion to transfer venue. Therefore, court congestion has not impacted the pretrial proceedings in this matter. It is not clear whether court congestion would result in any administrative difficulty in South Carolina. As such, this factor is neutral or weighs slightly against transfer.

However, the other public interest factors weigh strongly in favor of transfer. Significantly, practical considerations that could make the trial more expeditious or inexpensive strongly favor transfer. While the magistrate judge in this matter has conducted conferences and moved the case through pre-trial proceedings, the practical considerations as a whole strongly militate in favor of transfer. Defendant persuasively argued that there are "practical, logistical issues presented by Mr. Bryan's incarceration in South Carolina[.]" (Def.'s Br. 6.) Here,

> critical witnesses in this case, including Mr. Bryan's medical providers who allegedly prescribed buspirone to him, and who treated him, are located in South Carolina and are not amenable to compulsory process in New Jersey. The amenability of these potential witnesses (even if not called by Plaintiff) is a factor to be weighted by the Court in its Section 1404(a) analysis. Moreover, Mr. Bryan will be deposed. As he is incarcerated in South Carolina, as a practical matter, his deposition can only be taken in South Carolina.

(Def.'s Reply Br. 2) (internal citations omitted).

Furthermore, South Carolina has a greater interest in this matter than New Jersey because Plaintiff ingested the buspirone and allegedly sustained injuries in South Carolina. As discussed above, Plaintiff is incarcerated in South Carolina and his medical providers are in South Carolina. Here, New Jersey only has a remote interest in the lawsuit. In addition, it is likely that South Carolina law will apply in the present matter. *See In re Consolidated Parlodel Litig.*, 22 F. Supp. 2d 320, 324 (D.N.J. 1998). As such, the familiarity of the trial judge with South Carolina state law favors transfer.

## III. Conclusion

Defendant has established that transfer pursuant to 28 U.S.C. § 1404(a) is appropriate in the present case. Therefore, for the reasons stated above, Defendants' Motion to Transfer is granted. An Order consistent with this Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

Dated: June 28, 2013